# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:   Case No. 2:24-bk-01143-FMD
  Chapter 13

Ivan Melo Perez

     Debtor.
_____/

## TRUSTEE'S UNFAVORABLE RECOMMENDATION AND OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:  Clerk, United States Bankruptcy Court

1. The Debtor's Petition for Relief to Chapter 13 was filed on July 31, 2024.

2. <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

3. It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

        income tax return for 2024.

    b. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return; including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2024</u>.  Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. According to Schedules I and J, it does not appear that the Debtor has sufficient disposable income to fund the proposed Plan as required by 11 U.S.C. §1325(a)(6). An amended budget must be filed.

5. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

   a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

   income tax return for 2024.

6. The Debtor's Schedule(s) E/F # 4.3 must be amended to correctly list an unsecured creditor.

7. An Amended 2016(b), and/or Plan, needs to be filed to show the correct amount paid or to be paid to counsel for attorney fees; to include the monthly monitoring fee and to remove any and all services covered by the Middle District of Florida No Look Fee.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire
Staff Attorney for Chapter 13 Trustee
Florida Bar No. 722855
Post Office Box 25001
Bradenton, Florida 34206-5001
Phone:  (941) 747-4644
Fax:    (941) 750-9266

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Ivan Melo Perez**, Debtor, 711 Fargo Drive, Fort Myers, FL 33913, **Jose A. Blanco, Esquire**, Attorney for Debtor, Jose A. Blanco, PA. 102 E 49th Street, Hialeah, FL 33013, and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 14th day of January, 2025.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire

JMW/MEC/ds